UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BREAKWATER
COMMONS ASSOCIATION,
INC.,

       Plaintiff,

v.                                   Case No. 2:20-cv-31-JLB-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY

       Defendant.

---

## ORDER

    Before the Court is Plaintiff's Motion for Deferment of Ruling Under Rule 56(d) (Doc. 32). And with leave of Court, Defendant filed a Response (Doc. 38). For the reasons discussed below, the Court grants the Motion for Deferment (Doc. 32) and as a result denies the Motion for Summary Judgment (Doc. 27) without prejudice as premature.

    Plaintiff The Breakwater Commons Association, Inc. ("Breakwater") brings this action for breach of contract related to a dispute between it and Defendant Empire Indemnity Insurance Company ("Empire") regarding insurance coverage and the amount of loss for damages caused by Hurricane Irma. (Doc. 3).

In part, Breakwater opposes summary judgment under Rule 56(d). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). While there is no blanket prohibition against granting summary judgment before the close of discovery, summary judgment should not be granted until the opposing party has had an adequate opportunity to conduct discovery. *Estate of Todashev by Shibly v. United States*, 815 F. App'x 446, 450 (11th Cir. 2020) (citations omitted). "Rule 56(d) provides shelter against a premature motion for summary judgment 'when facts are unavailable to the nonmovant.'" *Id.* at 450 (citing Fed. R. Civ. P. 56(d)). It qualifies Rule 56(c)'s requirement on the non-moving party to establish there are genuine issues of material fact in dispute to defeat the motion for summary judgment when the non-moving party has not had the opportunity to discover information vital to its opposition. *Id.*

Breakwater's argument on incomplete discovery is well taken. The original discovery deadline was October 30, 2020. (Doc. 20, p. 1). Empire moved for summary judgment over five months before the original discovery deadline. (Doc. 27). And the parties have now *jointly* requested two extensions of the remaining deadlines, making the discovery period ending in July 2021. (Docs. 41, 51).

Moreover, the entire thrust of Empire's summary-judgment briefing and the affidavit it has supplied in support is that Breakwater never made a claim for ACV benefits. But this argument is advanced by completely ignoring the May 9, 2019 Sworn Statement in Proof of Loss in which Breakwater expressly states an ACV calculation. (Doc. 37-1). Discovery would undoubtedly answer the question: why? Discovery may also shed light on why Empire has paid nearly $2 million in ACV benefits if Breakwater never, in fact, made a claim for ACV benefits.

Accordingly, the Court **GRANTS** the Motion for Deferment of Ruling on the Motion for Summary Judgment (Doc. 32) and **DENIES without prejudice** as premature the Motion for Summary Judgment (Doc. 27).

**DONE** and **ORDERED** in Fort Myers, Florida on March 31, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE