UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BREAKWATER COMMONS
ASSOCIATION, INC.,

    Plaintiff,

v.

Case No. 2:20-cv-31-KCD-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

Before the Court is Defendant Empire Indemnity Insurance Company's Motion for Summary Judgment. (Doc. 161.)[1] Plaintiff The Breakwater Commons Association, Inc. has responded in opposition (Doc. 186), making this matter ripe. For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

Breakwater is a condominium complex that was damaged by hurricane Irma. Following the storm, Breakwater made a claim with Empire. Empire found covered damage to some of Breakwater's buildings, but a dispute arose

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

regarding the amount of loss. The parties eventually landed in litigation, where Breakwater moved to compel appraisal under the policy.

The Court ordered the parties to appraisal over Empire's objection and stayed the case. Empire appealed, but the Eleventh Circuit dismissed the appeal because the order was "not immediately appealable under either 28 U.S.C. § 1292(a)(1) or under the Federal Arbitration Act." (Doc. 115 at 4-5.)

The appraisal panel finally issued its award in January 2025. They identified the cause of loss as "Hurricane Irma" and valued the damages at $12,966,485.38 (actual cash value) and $14,693,793.02 (replacement cost). (Doc. 161.)[2]

Empire promptly notified Breakwater that "the award improperly includes costs that are not recoverable, including allowances for future damage and compliance with ordinances and laws." (Doc. 161-2 at 98.)[3] The parties were unable to resolve this dispute, and now Empire seeks summary judgment to reduce the appraisal award. At issue are the following charges:

- $83,886.00 for roof-related costs that were resolved as part of a separate settlement;

---

[2] The appraisal panel later revised its award and reduced both damage figures by several thousand dollars. (Doc. 147.) But Empire "is basing its position off the original [a]ward." (Doc. 161 at n.3.) And Breakwater seems to have done the same. So the Court will follow suit and address the original award, leaving it to the parties to apply this ruling to the panel's revised award.

[3] For ease of reference, the Court cites the page numbers generated by its electronic filing system for this exhibit and all other filings.

2

- $46,000.08 for two invoices generated by Roof Leak Detection for inspections and expert reports;

- $68,250.00 for Moisture Intrusion Solutions, Inc.'s November 30, 2018 invoice;

- $14,000.00 for a structural damage evaluation survey prepared by GFA International, Inc.; and

- $59,499.72 for an inspection and report prepared by Walker Consultants.

## II. Discussion

Part of this motion is easy, so we start there. Breakwater agrees that the appraisal award incorrectly included $83,886.00 in roof-related costs that were covered by a separate settlement. (Doc. 186 at 1.) Also, due to a mathematical error, the invoices for construction-related services should be reduced by $16,487.67. (*Id.* at 2.) So, "in total[,] a $100,373.67 reduction of the original ACV amount . . . is warranted." (*Id.* at 3.) Given these concessions, and with no argument to the contrary, the Court will grant Empire's motion insofar as it relates to these figures.

The rest of the motion is not so easy. According to Empire, the remaining charges in dispute "were not incurred in furtherance of the repair of direct physical loss or damage." (Doc. 161 at 3.) Consequently, these costs "are not covered under the policy." (*Id.* at 8.) In other words, the appraisal panel awarded benefits that Breakwater is not entitled to under the policy. Thus, Empire concludes, the Court should redline these damages.

Empire's argument has logical pull. Insurance is a matter of contract. The parties' rights (and liabilities) are defined by their agreement. It follows that an insured cannot recover damages beyond what the policy covers. *See, e.g.*, *City of Fla. City v. Pub. Risk Mgmt. of Fla.*, 307 So. 3d 135, 138 (Fla. Dist. Ct. App. 2020). So if the appraisal panel here awarded Breakwater costs outside the policy, shouldn't Empire have some recourse to exclude those amounts?

But "the life of the law is not logic." *Cal. v. United States*, 438 U.S. 645, 648 (1978). As it currently stands, Empire cannot move to modify the appraisal award to exclude specific parts that it believes are not covered under the policy.

In *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, the Eleventh Circuit addressed whether an insurer could challenge coverage for specific elements of an appraisal award. 362 F.3d 1317 (11th Cir. 2004). In that case, a dispute arose between Three Palms, a condominium association, and State Farm over the amount owed under the parties' insurance agreement. *Id.* at 1318. An appraisal was conducted, and the panel awarded Three Palms the costs associated with relocating its residents while repairs were being made. *Id.* State Farm refused to pay for relocation, claiming that "such an expense was not covered in the policy it issued." *Id.* Three Palms sued State Farm and was successful at the trial court. *Id.* State Farm appealed, arguing that it was permitted to deny coverage for the relocation costs. *Id.*

4

In addressing State Farm's challenge, the Eleventh Circuit looked to the Florida Supreme Court's decision in *State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285 (Fla. 1996). "At issue in *Licea* was the validity of an appraisal provision that allowed the insurer to retain its rights to deny [a] claim even after an appraisal award had been made." *Three Palms Pointe, Inc.*, 362 F.3d at 1319. "The Florida Supreme Court held that the appraisal clause was valid despite the unilateral nature of the retained rights clause, but only to the extent that the clause allowed the insurer to dispute coverage for the claim as a whole, and not anything less." *Id.* The Eleventh Circuit interpreted the holding of *Licea* broadly to mean that "once an [appraisal] award has been made, the only defenses that remain for the insurer to assert are lack of coverage for the entire claim, or violation of one of the standard policy conditions ... [such as] fraud, lack of notice, failure to cooperate, etc." *Id. Licea* "specifically establishes" that "challeng[ing] coverage with respect to part of an appraisal award . . . is not permitted" under Florida law. *Id.*

Under *Three Palms*, Empire cannot "challenge coverage with respect to *part* of the appraisal award." *Id.* at 1319 (emphasis added). But that is exactly what its motion seeks, arguing that the appraisal panel "improperly included . . . expert costs that were not incurred in furtherance of repairing direct physical loss or damage as required by the Policy[.]" (Doc. 161 at 14.) Empire might be right that the appraisal panel went beyond the policy. But

5

"state and federal courts in Florida have repeatedly stated that mere errors of fact or law by an appraiser are not enough to set aside an appraisal award." *Westchester Surplus Lines Ins. Co. v. Portofino Master Homeowners Ass'n, Inc.*, No. 3:23CV00453-MCR-HTC, 2025 WL 2697481, at *5 (N.D. Fla. Sept. 22, 2025); *see also Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-14162, 2024 WL 4635575, at *3 (11th Cir. Oct. 31, 2024).

Several of Florida's intermediate appellate courts have rejected *Three Palms. See, e.g., Liberty Am. Ins. Co. v. Kennedy*, 890 So. 2d 539, 541-42 (Fla. Dist. Ct. App. 2005) (holding that "the court in *Three Palms Pointe, Inc.* misinterpreted the holding of *Licea*" and that "*Licea* made clear that the submission of a claim to appraisal does not foreclose an insurer's subsequent challenge on an issue of coverage"); *SafePoint Ins. Co. v. Hallet*, 322 So. 3d 204, 208 (Fla. Dist. Ct. App. 2021) ("Even agreed-on appraisal value does not foreclose an insurer's ability to challenge coverage, in whole or in part"). As persuasive as this authority may be, we are bound to follow the Eleventh Circuit here. *See, e.g., Muckenfuss v. Hanover Ins. Co.*, No. 505-CV-261-OC-10GRJ, 2007 WL 1174098, at *3 (M.D. Fla. Apr. 18, 2007) (applying *Three Palms* despite contrary state-court authority and holding that an insurance company could not challenge coverage for specific elements of an appraisal award).

To save its motion, Empire stresses that the appraisal award was "made subject to the terms, conditions, and exclusions of the Policy." (Doc. 191 at 3.) So the "Award does not reflect the amount owed to Breakwater under the Policy," and thus the Court can line-item any uncovered costs. (*Id.*) This approach has some support. *See Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05-14362-CIV, 2009 WL 790120 (S.D. Fla. Mar. 24, 2009). But Empire's argument ultimately falls short. The problem is simple: the appraisal award in *Three Palms* included a disclaimer with similar language. *See Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, No. 8:02-CV-01169-JSM, Doc. 31 at 60 ("This award ... does not consider issues of coverage under the policy."). Thus, it cannot be said that *Three Palms* "does not speak to this particular type of appraisal award." *Sands on the Ocean*, 2009 WL 790120, at *2.

If writing on a blank slate, this Court would admittedly reach a different outcome on Empire's motion and allow it to challenge coverage for specific elements of the appraisal award. "However, unless and until the Eleventh Circuit overrules *Three Palms*, [we are] duty-bound to follow its clear and unequivocal holding that an insurer cannot challenge coverage with respect to part of the appraisal award." *Outback Storage v. Indian Harbor Ins. Co.*, No. 5:21CV90-TKW-MJF, 2023 WL 9234934, at *4 (N.D. Fla. Oct. 2, 2023).

7

## III. Conclusion

Having admitted that Breakwater sustained a covered loss, Empire cannot "quibbl[e]" as to the amount of that loss following the appraisal award. *Muckenfuss*, 2007 WL 1174098, at *1. Empire's motion for summary judgment (Doc. 161) is thus **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as the parties agree that a $100,373.67 reduction of the original ACV award is necessary. The motion is otherwise **DENIED**.

**ORDERED** in Fort Myers, Florida on November 13, 2025.

Kyle C. Dudek
United States District Judge