UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BREAKWATER COMMONS
ASSOCIATION, INC.,

    Plaintiff,

v.

Case No. 2:20-cv-31-KCD-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

# ORDER

Before the Court is Defendant Empire Indemnity Insurance Company's Motion to Dismiss. (Doc. 160.)[1] Plaintiff The Breakwater Commons Association, Inc. has responded in opposition (Doc. 186), making this matter ripe. For the reasons below, the motion is **DENIED**.

Breakwater is a condominium complex that was damaged by Hurricane Irma. Following the storm, Breakwater made a claim with Empire. Empire found covered damage to some of Breakwater's buildings, but a dispute arose regarding the amount of loss. The parties eventually landed in litigation, where Breakwater moved to compel appraisal under the policy.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The Court ordered the parties to appraisal over Empire's objection and stayed the case. Empire appealed, but the Eleventh Circuit dismissed the appeal because the order was "not immediately appealable under either 28 U.S.C. § 1292(a)(1) or under the Federal Arbitration Act." (Doc. 115 at 4-5.)

The appraisal panel issued its award in January 2025, which was revised a few months later. The panel identified the cause of loss as "Hurricane Irma" and valued the damages at $12,965,666.59 (actual cash value) and $14,692,974.23 (replacement cost). (Doc. 147.)

After reviewing the award, "Empire determined that several of the allowances contained therein were improperly categorized in the ACV summary[.]" (Doc. 160 at 2.) These included "allowances for future expected costs such as repair of stucco, drywall, painting and permitting costs/general conditions, which are contingent upon replacement of windows and doors." (*Id.*) And "allowances for repairs that may be required by the enforcement of an ordinance or law which regulates the construction, use or repair, or tear down of any property[.]" (*Id.*) Empire refers to these as "RC and O&L" benefits, which stand for "replacement cost" and "ordinance or law." (*Id.* at 13.) According to Empire, Breakwater is not entitled to RC or O&L benefits because they cover "future repair and matching expenses related to future, not current, damage." (*Id.* at 15.)

2

After unilaterally removing "the improperly categorized" RC and O&L benefits, Empire "issued an ACV payment of $4,763,526.43 in accordance with the Policy." (*Id.* at 3.) That ends the matter, in Empire's view, because Breakwater has received what is owed from the appraisal award. As for the withheld RC and O&L benefits, they are not recoverable "until the lost or damaged property is actually repaired or replaced." (*Id.*) And since Breakwater has not made any repairs (beyond the roof), these amounts are not due. Consequently, the argument goes, Breakwater has been made whole through the proper ACV award, and anything else claimed is now unripe.

Empire's ripeness argument is easily rejected. Even assuming Breakwater has been paid the correct amount of the ACV award, issues remain for adjudication that prevent dismissal of this case. Breakwater seeks prejudgment interest (among other things) that has not been addressed or paid. (*See* Doc. 186 at 6-7.) So a justiciable controversy still exists. *See, e.g.*, *Beach Side APTS., LLC v. Neue Urb. LLC*, No. 22-CV-23694-JB, 2025 WL 1191156, at *4 (S.D. Fla. Apr. 14, 2025); *Baptist Coll. of Fla., Inc. v. Church Mut. Ins. Co., SI*, No. 5:22CV158-MW/MJF, 2023 WL 4358781, at *8 (N.D. Fla. Mar. 7, 2023). What Breakwater is still owed from the appraisal award will be addressed in response to its pending motion for summary judgment, or at trial if necessary.

**ORDERED** in Fort Myers, Florida on November 13, 2025.

Kyle C. Dudek
United States District Judge