UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BREAKWATER COMMONS
ASSOCIATION, INC.,

      Plaintiff,

v.

Case No. 2:20-cv-31-KCD-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant,
_____/

# ORDER

Before the Court is Plaintiff Breakwater Commons Association, Inc.'s Amended Motion for Summary Judgment. (Doc. 169.)[1] Defendant Empire Indemnity Insurance Company has responded (Doc. 182), making this matter ripe. For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

The facts needed to decide what remains of this case are not in dispute. Breakwater is a condominium complex that was damaged by Hurricane Irma. Following the storm, Breakwater made a claim with Empire. Empire found covered damage to some of Breakwater's buildings, but a dispute arose

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

regarding the amount of loss. The parties eventually landed in litigation, where Breakwater moved to compel appraisal under the policy.

The Court ordered the parties to appraisal over Empire's objection and stayed the case. Empire appealed, but the Eleventh Circuit dismissed the appeal because the order was "not immediately appealable under either 28 U.S.C. § 1292(a)(1) or under the Federal Arbitration Act." (Doc. 115 at 4-5.)

The appraisal panel issued its award in January 2025, which was revised a few months later. The panel identified the cause of loss as "Hurricane Irma" and valued the damages at $12,965,666.59 for actual cash value (ACV) and $14,692,974.23 for replacement cost (RCV). (Doc. 147.) RCV refers to the cost of replacing the damaged property. ACV is that figure minus depreciation.

After reviewing the award, Empire decided that the ACV figure was wrong. Specifically, "allowances contained in the ACV Award for the stucco, drywall, painting and permitting costs /general conditions were improperly categorized as components of ACV despite being related to future and contingent costs associated with the replacement of windows and doors." (Doc. 182 at 7.) Empire refers to these as "RC" and "O&L" benefits, which stand for "replacement cost" and "ordinance or law." (*Id.* at 5.) According to Empire, Breakwater is not entitled to RC or O&L benefits because they cover repair and matching expenses related to future, not current, damage.

2

After unilaterally removing "the improperly categorized" RC and O&L benefits, Empire paid "the corrected ACV Award of $4,763,526.43." (*Id.* at 6-7.) That ends the matter, in Empire's view, because Breakwater has received what it is owed under the appraisal award. As for the withheld RC and O&L benefits, they are not recoverable "until the lost or damaged property is actually repaired or replaced." (*Id.* at 17.) And since Breakwater has not made any repairs (beyond the roof), these amounts are not due.

Breakwater disagrees with Empire's treatment of the appraisal award and now seeks summary judgment to collect "the ACV remaining principal balance [of] $8,101,766.47." (Doc. 192 at 25.) It also seeks "[c]onfirmation of the Association's entitlement to present an additional claim for RCV benefits on an incurred-basis, up to and including the $1,727,307.64." (*Id.*) Finally, Breakwater asks the Court to retain jurisdiction to "address [its] additional claims for post-loss interest and/or post-Appraisal Award interest, attorney's fees, and costs." (*Id.*)

## II. Legal Standard

"Summary judgment is appropriate when a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Gonzalez v. Indep. Ord. of Foresters*, No. 24-10758, 2025 WL 337898, at *2 (11th Cir. Jan. 30, 2025). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence

3

and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL 8978168, at *1 (M.D. Fla. Dec. 28, 2023). "An issue is genuine if a reasonable jury could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019). "And a fact is material if it may affect the outcome of the case under the applicable substantive law." *Toca v. Debonair Props. LLC*, No. 2:23-CV-303-KCD, 2025 WL 2106674 (M.D. Fla. July 28, 2025).

"If the record presents disputed issues of fact, the court may not decide them; rather, [it] must deny the motion and proceed to trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012). Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Discussion

A federal court sitting in diversity, as here, applies the substantive law of the forum state. Following the conclusion of an appraisal, Florida courts have allowed an insured to move for payment of the appraisal award. *See Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 250 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003). In such cases, the insurer is free to assert any

4

affirmative defenses that might apply, including policy limits or a violation of policy conditions as a result of fraud, lack of notice, or failure to cooperate. *Id.* "If an insurer fails to assert any successful affirmative defenses, a court will enter a final judgment in favor of the insured." *Pelican Pointe of Sebastian II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 05-14142-CIV, 2007 WL 9702449, at *2 (S.D. Fla. Aug. 8, 2007).

It is undisputed that an appraisal award was issued here. It is also undisputed that Empire has not paid the entire ACV award, which under the parties' policy was due "within 30 days." (Doc. 3-1 at 77.) So the only question remaining is whether Empire has offered any defense to avoid the outstanding ACV balance.

According to Empire, it need not pay anything further from the ACV award because the appraisal panel included components that are not covered. (*See* Doc. 182 at 10-25.) In other words, the appraisal panel did not calculate the "[p]roper ACV valuation." (*Id.* at 14.) Empire then walks through the appraisal award, highlighting the portions that (in its view) are not covered under the policy. (*Id.* at 12-25.)

Empire cannot contest the appraisal award in this fashion. "[T]he Eleventh Circuit has found that Florida law on this issue is clear: if an insurer and an insured party go to appraisal, the insurer can only dispute coverage for loss as a whole." *Mont Claire At Pelican Marsh Condo. Ass'n,*

5

*Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-MRM, 2022 WL 3701584, at *3 (M.D. Fla. Aug. 11, 2022) (citing *Three Palms Pointe, Inc. v. State Farm Fire & Cas. Co.*, 362 F.3d 1317, 1318 (11th Cir. 2004)).)

Under *Three Palms*, an insurer cannot "challenge coverage with respect to part of the appraisal award." *Id.* at 1319. Yet that is all Empire offers in response to Breakwater's motion. (*See* Doc. 182.) Empire might be right that the appraisal panel went beyond the policy and awarded uncovered benefits in their ACV figure. But "state and federal courts in Florida have repeatedly stated that mere errors of fact or law by an appraiser are not enough to set aside an appraisal award." *Westchester Surplus Lines Ins. Co. v. Portofino Master Homeowners Ass'n, Inc.*, No. 3:23CV00453-MCR-HTC, 2025 WL 2697481, at *5 (N.D. Fla. Sept. 22, 2025); *see also Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 23-14162, 2024 WL 4635575, at *3 (11th Cir. Oct. 31, 2024). "[U]nless and until the Eleventh Circuit overrules *Three Palms*, [we are] duty-bound to follow its clear and unequivocal holding that an insurer cannot challenge coverage with respect to part of the appraisal award." *Outback Storage v. Indian Harbor Ins. Co.*, No. 5:21CV90-TKW-MJF, 2023 WL 9234934, at *4 (N.D. Fla. Oct. 2, 2023).

Breakwater's request to confirm the ACV award must be granted because Empire does not assert a lack of coverage defense for the entire claim or a violation of one of the standard policy conditions, such as fraud, lack of

6

notice, or failure to cooperate. "With no coverage defenses or other obstacles in the way, the Court must confirm the [ACV] award and enter judgment for [Breakwater]." *Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-601-SPC-KCD, 2023 WL 8113118, at *5 (M.D. Fla. Nov. 22, 2023).

As mentioned, Breakwater also seeks a judgment that it is entitled to collect the RCV award "on an as-incurred basis as part of the ongoing Insurance Claim." (Doc. 169 at 19.) But this request essentially amounts to an advisory opinion because RCV benefits are only available once repairs are completed, which Breakwater concedes has not occurred. Any dispute about the RCV award is thus not ripe and fails as a matter of law. *See, e.g.*, *Palm Bay Yacht Club Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-23685-CV, 2012 WL 13012457, at *5 (S.D. Fla. May 8, 2012); *Garden Apartments, Inc. v. Chubb Custom Ins. Co.*, No. 20-CV-23116, 2021 WL 3173251, at *4–5 (S.D. Fla. July 26, 2021) (dismissing RCV claim filed before repairs and noting the ruling doesn't "preclude the Plaintiff from initiating a new suit based upon actual cash value damages or, should the Plaintiff finalize repairs, replacement cost damages").

### III. Conclusion

Having admitted that Breakwater sustained a covered loss, Empire cannot "quibbl[e]" as to the amount of that loss following the appraisal

award. *Muckenfuss v. Hanover Ins. Co.*, No. 505-CV-261-OC-10GRJ, 2007 WL 1174098, at *1 (M.D. Fla. Apr. 18, 2007). Breakwater's Amended Motion for Summary Judgment (Doc. 169) is thus **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as Breakwater is entitled to a judgment confirming the ACV appraisal award, less those amounts reduced by the Court's prior order (Doc 200). Empire is directed to pay the remaining ACV principal balance. The motion is **DENIED** insofar as Breakwater seeks an advisory ruling concerning the RCV award.

The Court will withhold entering a final judgment because it appears a few issues remain for adjudication, including interest and attorney fees. (*See* Doc. 169 at 25.) A status conference will be set by separate notice to discuss how to resolve these outstanding matters. Under Fed. R. Civ. P. 56(f), Breakwater should also be prepared to address why any claim it has asserted concerning the RCV award should not be dismissed as a matter of law. *See, e.g.*, *Gulfside, Inc. v. Lexington Ins. Co.*, No. 2:19-CV-851-SPC-MRM, 2021 WL 4307151, at *2 (M.D. Fla. Sept. 22, 2021).

**ORDERED** in Fort Myers, Florida on November 25, 2025.

Kyle C. Dudek
United States District Judge