UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BREAKWATER COMMONS
ASSOCIATION, INC.,

        Plaintiff,

    v.

Case No. 2:20-cv-31-KCD-KRH

EMPIRE INDEMNITY
INSURANCE COMPANY,

        Defendant.

                         /

## **ORDER**

The Breakwater Commons Association, Inc. won an appraisal award against Empire Indemnity Insurance Company on its insurance claim related to damage from Hurricane Irma. The Court affirmed the award and directed Empire to pay the remaining ACV principal balance. (Doc. 202.)[1] Empire does not dispute that it hasn't paid the balance, but it has a reason—it intends to appeal the Court's order. (Doc. 208 at 3 n.3.) Before entering judgment, the Court directed the parties to brief whether Breakwater is entitled to prejudgment interest on the outstanding ACV amount. (Doc. 207.) For the reasons below, the Court finds that Breakwater is entitled to the interest.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Breakwater is a condominium complex that was damaged by Hurricane Irma. Following the storm, Breakwater made a claim with Empire. Empire found covered damage to some of Breakwater's buildings, but a dispute arose regarding the amount of loss. The parties eventually entered litigation, where Breakwater moved to compel appraisal under the policy, and the Court ordered appraisal.

The appraisal panel issued its award in January 2025, which was revised a few months later. The panel identified the cause of loss as "Hurricane Irma" and valued the damages at $12,965,666.59 for actual cash value (ACV) and $14,692,974.23 for replacement cost (RCV). (Doc. 147.)[2]

Empire disagreed with the appraisal panel's figure, so it unilaterally reduced the ACV award by $8,202,140.14 and issued a partial payment of $4,763,526.43 in February 2025. (Doc. 170-3.) Breakwater now seeks prejudgment interest on the outstanding ACV principal balance ($8,101,766.49),[3] which, as mentioned, Empire has yet to pay. (Doc. 207.)

## II. Discussion

"In a diversity case we follow the state law governing the award of [prejudgment] interest," *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941,

---

[2] Breakwater has withdrawn its claim for the RCV depreciation benefits under the policy. (Doc. 207 at 5 n.3.)

[3] The Court previously reduced the ACV award by $100,373.67. (Doc. 200.)

948 (11th Cir. 1984). The Supreme Court of Florida has held that a plaintiff is entitled to prejudgment interest as a matter of law. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985). The computation of prejudgment interest is "a mathematical computation" and "a purely ministerial duty." *Id.* "No 'finding of fact' is needed," and no discretion is permitted. *Id.* "Prejudgment interest is, by definition, interest that accrues until judgment is rendered." *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1110-11 (11th Cir. 1998).

The parties don't dispute that Breakwater is the prevailing party, and the Court agrees. In Florida, a prevailing party is the litigant that prevails on the significant issues of a case to achieve some benefit sought. *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1200 (Fla. 2009). An appraisal award in Breakwater's favor achieves that here.

Empire's main argument instead hinges on issues that the Court has already put to bed. Empire contends that Breakwater is not entitled to prejudgment interest because it "timely paid" $4,763,526.43—the amount Empire asserts is the true and correct ACV award under the policy's loss payment provision. (*See* Doc. 208.) Empire argues that Breakwater cannot be awarded interest based on the balance of the ACV award because those amounts represent costs associated with RCV and ordinance and law related to repairs, which Breakwater has not completed and are therefore not

3

recoverable under the policy. (Doc. 208 at 10.) But in its order confirming the appraisal award, the Court found that Empire could not contest the appraisal award in such a piecemeal fashion. (Doc. 202) Because Empire did not assert a lack of coverage defense for the entire claim, or a violation of one of the standard policy conditions, the Court confirmed the panel's ACV award and directed Empire to pay the outstanding balance. (*Id.*) While Empire's arguments attacking the order to pay the remaining ACV award may prevail on appeal, the fact remains that Breakwater is the prevailing party and thus entitled to prejudgment interest under Florida law on the net ACV amount of $8,101,766.49.

In a contract action, like here, interest accrues from the date the debt becomes due. *Lumbermens Mut. Casualty Co. v. Percefull*, 653 So. 2d 389 (Fla. 1995). In the insurance context, that is the date that the proceeds would have been due under the policy. *Golden Door Jewelry Creations v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1341-42 (11th Cir. 1997). The interest then runs until the judgment or amended judgment is entered. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320-21 (11th Cir. 2007).

Under the policy's loss payment provision, Empire was required to pay the ACV award within 30 days of the revised award, which was by April 23, 2025. (*See* Doc. 208-1 at 34.) The Court uses this as the starting date for calculating prejudgment interest. Florida law requires application of the

4

statutory judgment interest rate in effect for each quarter during the interest period, set by the state's Chief Financial Officer. *See* Fla. Stat 55.03. The Court uses the interest rate from the CFO's website.[4]

| Date Range | Days | Annual Rate | Daily Rate (decimal) | Interest |
|---|---|---|---|---|
| Apr. 23, 2025 – June 30, 2025 | 69 | 9.15% | 0.000250685 | $140,138.40 |
| July 1, 2025 – Sept. 30, 2025 | 92 | 8.90% | 0.000243836 | $181,746.21 |
| Oct. 1, 2025 – Dec. 31, 2025 | 92 | 8.65% | 0.000236986 | $176,640.48 |
| Jan. 1, 2026 – Mar. 31, 2026 | 90 | 8.44% | 0.000231233 | $168,605.62 |
| Apr. 1, 2026 – June 30, 2026 | 91 | 8.25% | 0.000226027 | $166,640.83 |
| | | | Total: | $833,771.54 |

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Prejudgment Interest (Doc. 207) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of The Breakwater Commons Association, Inc. for the remaining ACV principal balance in the amount of $8,101,766.49, plus $833,771.54 in prejudgment interest, for a total of $8,935,538.03.

3. After entering judgment, the Clerk is **DIRECTED** to terminate any pending deadlines and close the case.

---

[4] https://myfloridacfo.com/division/aa/audits-reports/judgment-interest-rates.

**ORDERED** in Fort Myers, Florida on June 30, 2026.

Kyle C. Dudek
United States District Judge