**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

THE BREAKWATER COMMONS ASSOCIATION, INC.,

Plaintiff,

v. Case No. 2:20-cv-31-KCD-KRH

EMPIRE INDEMNITY INSURANCE CO.,

Defendant.

_____________________________/

**ORDER**

This matter is before the Court on Defendant Empire Indemnity Insurance Company's Motion to Approve Supersedeas Bond and Stay Execution of Judgment Pending Appeal (Doc. 231). Plaintiff The Breakwater Commons Association, Inc. indicated it neither consents to nor opposes the motion.[1] (Doc. 233 at 2-3). The Court grants Empire's Motion.

In this insurance action, the Court confirmed an appraisal award and entered judgment against Empire. (Doc. 202; Doc. 215). Empire Indemnity has appealed, and it now moves for a stay of execution of the judgment under Federal Rule of Civil Procedure 62(b). Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other

[1] Empire Indemnity relays The Breakwater's position via its supplemental notice required by Local Rule 3.01(g)(3).

security." This means that an appellant may obtain a stay of judgment pending appeal as a matter of right upon posting a supersedeas bond.

The purpose of a supersedeas bond is to protect the appellees from a loss resulting from the stay of execution. *See Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986). "The Middle District's local rules, unlike some other districts', give no suggested formula for a supersedeas bond." *United States ex rel. Yates v. Pinellas Hematology & Oncology, P.A.*, No. 8:16-cv-799-T-02CPT, 2020 WL 674155, at *1 (M.D. Fla. Feb. 11, 2020). Judges here, however, approve bonds that provide for ten to forty percent more than the total calculated judgment amount to account for fees and interest that have not been accrued, calculated, or awarded. *See, e.g.*, *Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-ORL, 2019 WL 13037029, at *1-2 (M.D. Fla. Dec. 23, 2019) (setting a bond of 140 percent of the judgment); *Regions Bank v. Legal Outsource PA*, No. 2:14-cv-475-FTM, 2017 WL 11461033, at *3 (M.D. Fla. Apr. 27, 2017) (adding ten percent to the estimated judgment value).

Here, Empire seeks approval of a supersedeas bond in the amount of $9,829,091.83 which represents 110% of the $8,935,538.03 total judgment ($8,101,766.49 in principal, plus $833,771.54 in prejudgment interest). (Doc. 231 ¶ 7). Empire's bond has been approved and executed by its surety. (Doc. 231-1). The Court also notes that Breakwater seeks attorney's fees over $346,688.37. (Doc. 218 ¶ 6). Any delay in pursuing appeal could significantly increase the attorney's fees sought by Breakwater.

The undersigned finds that Empire's posting of its supersedeas bond is authorized and appropriate. A bond in the amount of 110% of the cost amount will ensure that Breakwater will be fully protected against the risk that the final judgment will not be satisfied if it is affirmed on appeal. *See Chalfonte Condo. Apartment Ass'n, Inc. v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012). Accordingly, Empire's supersedeas bond, approved and executed by its surety, satisfies the requirements of Rule 62(b).

**ORDERED:**

1) Defendant's Motion to Approve Supersedeas Bond and Stay Execution of the Judgment Pending Appeal (Doc. 231) is **GRANTED**.

2) Execution on the judgment is **STAYED** pending resolution of all pending motions and appeals in this case.

In Fort Myers, Florida on August 25th, 2026.

Kevin R. Huguelet
United States Magistrate Judge