UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE BREAKWATER COMMONS ASSOCIATION, INC.,

Plaintiff,

v.

Case No. 2:20-cv-31-KCD-KRH

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant.

_______________________________/

**ORDER**

Plaintiff The Breakwater Commons Association, Inc. spent years litigating this case against Defendant Empire Indemnity Insurance Company to secure payment under the parties' insurance policy. Along the way, the parties disputed Breakwater's entitlement to an appraisal. That ancillary fight resulted in an unsuccessful interlocutory appeal by Empire. The Eleventh Circuit dismissed the appeal for lack of jurisdiction. (Doc. 115.)[1]

Back in this Court, the litigation proceeded to conclusion. Breakwater prevailed on its breach-of-contract claim and secured confirmation of the appraisal award. (Doc. 202.) On June 30, 2026, the Court entered a final judgment for Breakwater. (Doc. 216.)

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Breakwater now seeks its attorney's fees and costs under Florida's insurance fee-shifting statutes. (Doc. 218 at 2 (citing Fla. Stat. §§ 627.428, 626.9373).) Empire does not dispute the application of Florida law, nor does it contest that Breakwater is the prevailing party. Indeed, "Empire agrees that Breakwater is entitled to reasonable attorneys' fees and costs incurred at the trial court level." (Doc. 221 at 5.)

The issue concerns the interlocutory appeal. Empire argues that Breakwater's failure to file a fee petition under the Eleventh Circuit's local rule (Rule 39-2) deprives this Court of "jurisdiction to award those [appellate] fees now." (*Id.*) Breakwater answers that the Eleventh Circuit's fee-processing rule cannot operate as a jurisdictional bar. (Doc. 229 at 3.) And, in any event, the right to fees did not trigger until this Court entered a final judgment. So demanding that Breakwater file a fee petition after the interlocutory appeal would be asking a party to invoke a statutory right before it existed. (*Id.* at 4.)

Rule 39-2 provides, in pertinent part:

> Attorney's Fees
>
> (a) Time for Filing. Except as otherwise provided herein or by statute or court order, an application for attorney's fees must be filed with the clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later. For purposes of this rule, "attorney's fees" includes fees and expenses authorized by statute....

> ....
>
> (d) Motion to Transfer. Any party who is or may be eligible for attorney's fees on appeal may, within the time for filing an application provided by this rule, file a motion to transfer consideration of attorney's fees on appeal to the district court or administrative agency from which the appeal was taken.
>
> (e) Remand for Further Proceedings. When a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), a party who may be eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand.

11th Cir. R. 39-2.

The Court agrees with Breakwater that this dispute is not a jurisdictional question. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). To state the obvious, an appellate court's procedural rule cannot shrink that jurisdiction. *See, e.g.*, *In re Grand Jury Matter*, 802 F.2d 96, 100 (3d Cir. 1986) ("[A] local rule of procedure cannot possibly affect the jurisdiction of the court.").

But removing the jurisdictional label does not make Rule 39-2 optional. The Eleventh Circuit has said otherwise: "a district court is not authorized, by local rule or otherwise, to control the . . . assessment of attorney's fees for services rendered on appeal. If a party wishes to obtain fees on appeal, he or

she must file a [timely] petition with the clerk[.]" *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1043 (11th Cir. 2010). Consequently, "Rule 39-2 governs an award of attorney's fees and requires, absent statute or court order, the filing of a request with the Eleventh Circuit." *Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043ORL40TBS, 2019 WL 2223773, at *5 (M.D. Fla. May 23, 2019).

So turning back to Rule 39-2, it says an "an application for attorney's fees must be filed with the clerk within 14 days after" an appeal closes. 11th Cir. R. 39-2(a). That command controls "[e]xcept as otherwise provided herein or by statute or court order." *Id.* The structure of the rule is thus clear: unless a party can point to an exception found within the rule itself, a statute, or a court order, filing a fee petition is mandatory. *See, e.g.*, *In re Consol. Non-Filing Ins. Fee Litig.*, No. 2:94-CV-699-MEF, 2012 WL 1366733, at *3 (M.D. Ala. Apr. 19, 2012). Everyone agrees that Breakwater never filed a fee application with the Eleventh Circuit following the dismissal of Empire's interlocutory appeal. So, to keep its claim for appellate fees alive, Breakwater must fall under one of the exceptions.

Breakwater first tries to squeeze through the statutory exception. It argues that because Florida's fee-shifting statutes invoked here condition an award of fees "[u]pon the rendition of a judgment," they effectively override the Eleventh Circuit's procedural requirement. (Doc. 225 at 2.) In other words,

because Breakwater needed a judgment under Florida law to trigger fees, that is the timing mechanism controlling its fee request not Rule 39-2. (*Id.* at 2-3.)

The Court cannot agree. The Florida statutes cited dictate the substance of a fee claim, establishing when and how an insured's right to collect fees ripens. *See* Fla. Stat. §§ 627.428, 626.9373. But they say nothing about the procedure for asking a federal appellate court to process that claim. The exception in Rule 39-2(a) for a conflicting "statute" quite obviously refers to a law that supplies a different timeline or mechanism for seeking appellate fees—not a state law that defines when the underlying right vests. To be sure, Florida law decides when Breakwater earns the right to collect fees. But the Eleventh Circuit decides how and when the bill must be submitted. The Court declines to find that a state legislature can quietly rewrite the Eleventh Circuit's docket-management rules by tethering a fee award to a final judgment. *See Baez*, 2019 WL 2223773, at *5 (rejecting argument that district court could award appellate fees absent a request to the Eleventh Circuit even when the plaintiff was not yet the prevailing party).

Breakwater protests that no judgment existed in this case until 2026. So when the Eleventh Circuit decided the interlocutory appeal in 2023, there was no statutory basis to request fees. It makes no sense, Breakwater explains, to require a fee application before the right to those fees exists. (Doc. 225 at 2-4.)

The Court is not unsympathetic to this argument. Breakwater had no statutory hook to demand attorney's fees after the successful appeal. But the Eleventh Circuit has not read Rule 39-2 to trigger only when the right to attorney's fees has vested. *See Rogers v. Johnson*, No. 3:18CV571-TKW-ZCB, 2024 WL 3311084, at *8 (N.D. Fla. June 10, 2024). To the contrary, the rule accounts for this contingency by extending its procedures to any party who "is or *may be* eligible for attorney's fees on appeal." 11th Cir. R. 39-2(d). This provision allows a party with an interlocutory victory to lodge a placeholder request for fees, essentially holding it until the merits are resolved. *See, e.g.*, *Young Apartments, Inc. v. Town of Jupiter, Fla.*, No. 05-CV-80765, 2011 WL 13173808, at *2 n.2 (S.D. Fla. Oct. 13, 2011). So this is not a case where Breakwater was left with no mechanism to secure its rights. It had a path to preserve its claim even if it was not yet entitled to collect the fees.

Breakwater lastly seeks refuge in Rule 39-2 itself, pointing to subsection (e). (Doc. 225 at 5.) That provision allows a claimant to skip the fee application and request fees in the district court "[w]hen a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings." 11th Cir. R. 39-2(e). Because the Eleventh Circuit dismissed Empire's interlocutory appeal and remanded the case, Breakwater concludes that this exception applies. (Doc. 225 at 5.)

This argument fails too. Rule 39-2(e) does not apply to every case sent back to the district court. It operates "in the limited situation when a decision on remand is the result of a reversal on appeal." *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1357 (11th Cir. 2009). There was no reversal here. Empire's appeal was dismissed for lack of jurisdiction. "This Court does not have the authority to award fees pursuant to Rule 39-2(e) where the Eleventh Circuit remanded the case in a manner that does not finally resolve the matter." *Bldg. Materials Corp. of Am. v. Henkel Corp.*, No. 6:15-CV-548-ORL-22-GJK, 2017 WL 4082440, at *3 (M.D. Fla. Apr. 17, 2017); *see also Rogers*, 2024 WL 3311084, at *8.

Under Rule 39-2, a party seeking appellate fees must file an application with the Eleventh Circuit unless a specific exception applies. Breakwater "did not make such an application, nor does [it] identify a statute or court order exempting [it] from this requirement." *Baez*, 2019 WL 2223773, at *5. Accordingly, the Court agrees that Breakwater "has not demonstrated entitlement to appellate fees." *Id.* The Motion for Entitlement to Attorney's Fees and Costs (Doc. 218) is thus **GRANTED IN PART AND DENIED IN PART**. Breakwater is entitled to attorney's fees as the prevailing party except as noted above. To avoid unnecessary judicial labor, Breakwater is directed to hold the supplemental motion required under Local Rule 7.1 until 14 days after

Empire's pending appeal is decided, provided Breakwater remains the prevailing party.

**ORDERED** in Fort Myers, Florida on September 16, 2026.

Kyle C. Dudek
United States District Judge